IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID J. PNIEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 3638 |
| | ) | |
| U.S. BANK NATIONAL ASSOC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant U.S. Bank National Association's (U.S. Bank) motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

### BACKGROUND

Plaintiff David J. Pniewski (Pniewski) alleges that he fell behind on his mortgage payments and that in October 2009, U.S. Bank consequently initiated foreclosure proceedings against Pniewski. Pniewski contends that in September 2011, BAC Home Loans Servicing, LP (BAC), a subsidiary of Bank of America, N.A. (BOA), solicited him to participate in the United States Treasury's Home Affordable Modification Program (HAMP) via letter (Solicitation Letter). Pniewski

1

asserts that in October 2011, he submitted his HAMP application.  Pniewski claims that on or about August 17, 2012, his loan modification was denied because of BAC's allegedly erroneous calculations which stated that Pniewski's monthly gross income was $1.00.  Pniewski further alleges that U.S. Bank failed to evaluate Pniewski's application in accordance with HAMP requirements and that failure to do so was the sole reason his HAMP application was denied.

Pniewski includes in his complaint a claim alleging a violation of HAMP (Count I), breach of an implied covenant of good faith and fair dealing claims (Count II), Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/1, *et seq.*, claims (Count III), and breach of contract claims (Count IV). U.S. Bank now moves to dismiss the claims brought against U.S. Bank.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint.  *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court."

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted)**.**

## DISCUSSION

### I. Subsidiary Relationship

U.S. Bank argues that Pniewski does not state a cognizable legal claim against U.S. Bank because the alleged conduct was caused by entities who are not named as defendants. (MTD Mem. 2). U.S. Bank contends that Pniewski's allegations in the complaint "all relate to conduct by Bank of America, N.A. . . . or its predecessor by merger, BAC Home Loans Servicing, LP . . . , the servicers of Pniewski's loan." (MTD Mem. 2). U.S. Bank further contends that Pniewski fails to allege that either BOA or BAC was acting as an agent of U.S. Bank or that U.S. Bank should be held liable for the conduct of BOA or BAC. *Id.*

Mere existence of a parent-subsidiary relationship does not automatically establish an agency relationship. *Daimler AG v. Bauman*, 134 S. Ct. 746, 759

(2014)(stating that "[a] subsidiary . . . might be its parent's agent for claims arising in the place where the subsidiary operates, yet not its agent regarding claims arising elsewhere"). In his complaint, Pniewski alleges that his first mortgage loan was assigned to LaSalle Bank, N.A. (LaSalle) on or about July 9, 2008. (Compl. Par. 28). Pniewski also alleges that BAC subsequently bought LaSalle, although no assignment of the mortgage had been recorded to effectuate the transfer. (Compl. Par. 29). Pniewski further alleges that BAC is a subsidiary of BOA. (Compl. Par. 10). In addition, Pniewski alleges that in April 2009, BOA signed a contract agreeing to participate in HAMP, "a program in which U.S. Bank received incentive payments for providing affordable mortgage loan modifications and other alternatives to foreclosure to eligible borrowers." (Compl. Par. 3). U.S. Bank does not properly challenge Pniewski's allegation that an agency relationship existed between BAC and BOA on one side and U.S. Bank on the other, or that BOA is a servicing agent of U.S. Bank.

The issue of establishing an agency relationship between U.S. Bank and its servicers involves factual issues that cannot be resolved during this stage. In ruling on a Rule 12(b)(6) motion, the court cannot determine the merits of the case and must disregard U.S. Bank's contradiction of Pniewski's allegations. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 558-59 (7th Cir. 2012)(reasoning that the court must "disregard [the defendant]'s effort to contradict the complaint" when "reviewing a Rule 12(b)(6) dismissal").

II.  HAMP Claim

U.S. Bank argues that Pniewski cannot maintain an action against U.S. Bank for the denial of his HAMP application, because "HAMP does not create a private right of action by a borrower against a lender or a servicer for failure to comply with HAMP."  (MTD Mem. 3)(emphasis omitted).  The Seventh Circuit has held that HAMP does not provide the borrower with a private right of action.  *Wigod*, 673 F.3d at 571.  Accordingly, Pniewski cannot pursue his HAMP-related claim.  *Id.* at 559 n. 4 ("[c]ourts have uniformly rejected these claims because HAMP does not create a private federal right of action for borrowers against servicers").  Therefore, U.S. Bank's motion to dismiss the HAMP claim is granted.

However, the court notes that although HAMP does not create a federal right of action, it does not preempt otherwise viable state-law claims.  *See Wigod*, 673 F.3d at 555, 559 (determining that plaintiff had adequately pled viable claims under Illinois law and holding that federal law did not preclude plaintiff from pursuing her state-law claims).  Therefore, federal law does not preempt any valid state-law claim that Pniewski asserts.  *Id.* at 555.

III.  ICFA Claim

U.S. Bank argues that Pniewski fails to establish an actionable claim under the ICFA.  (MTD Mem. 5).  To establish an ICFA claim, a plaintiff must show: "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or

5

deceptive practice occurred during a course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010). Additionally, the plaintiff must show that "the defendant's conduct is the proximate cause of the injury." *Id.* at 935 (citing *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002)). U.S. Bank does not argue that the loan modification process occurred outside of a course of conduct involving trade or commerce and thus concedes that element is met.

A. Injury

U.S. Bank argues that Pniewski fails to provide any facts or documentation that U.S. Bank's conduct proximately caused him any harm. (MTD Mem. 5). U.S. Bank contends that the only factual allegation that Pniewski makes is the alleged miscalculation of Pniewski's monthly gross income, and that Pniewski fails to allege what his income actually was. *Id.* U.S. Bank also asserts that any alleged harm suffered by Pniewski was a result of his own admitted failure to repay the initial loan, and that Pniewski fails to demonstrate that U.S. Bank is attributable. (MTD Mem. 6).

As to the alleged harm suffered, Pniewski claims that his injuries included "wrongful foreclosures," "increased fees and other costs to avoid or attempt to avoid foreclosure," "loss of opportunities to pursue other refinancing or loss mitigation strategies," as well as "significant stress." (Compl. Par. 49). Although U.S. Bank argues that Pniewski only offers conclusory allegations, (MTD Mem. 5), Pniewski is

not required to allege all of the facts involved in the case and can plead conclusions at this stage. *Kyle v. Morton High Sch.*, 144 F.3d 448, 455 (7th Cir. 1998). Considering that Pniewski was allegedly denied the loan modification approximately ten months after submitting his application, (Comp. Par. 33-34), his allegations relating to injury are at least plausible.

B. Intent

U.S. Bank argues that Pniewski fails to provide any factual support that the intent behind the loan modification process was unfair or deceptive on U.S. Bank's part. (MTD Mem. 5). Under the ICFA, a plaintiff is not required to establish that a defendant actually intended to deceive him. *Wigod*, 673 F.3d at 575. Rather, it is sufficient to allege that the defendant is responsible for an unfair or deceptive act and intended the plaintiff to rely on that act. *Id*. Further, there is no requirement under the ICFA that the conduct must be both deceptive and unfair. *Siegel*, 612 F.3d at 934-35 (stating that even the allegation of unfair conduct, without an allegation of deceptive conduct, is sufficient to meet the requirement).

Although U.S. Bank cites to *Wigod* for the proposition that a bank's failure to review an application for HAMP modification without more does not amount to deceptive conduct for purposes of a deception claim, the court in *Wigod* also cites to *Boyd v. U.S. Bank, N.A. ex rel. Sasco Aames Mortg. Loan Trust Series 2003–1*, 787 F.Supp.2d 747 (N.D. Ill. 2011), for the proposition that a loan servicer's alleged failure to consider the plaintiff's eligibility for a HAMP modification was a sufficient

predicate for an ICFA claim. *Wigod*, 673 F.3d at 575.

In this case, Pniewski alleges that U.S. Bank's conduct was in violation of the ICFA because it was "unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to the consumer lending business." (Compl. Par. 48). However, even if Pniewski solely alleged that the act of denying the loan modification was unfair and that U.S. Bank intended Pniewski to rely on that act, the second element would be met. *Siegel*, 612 F.3d at 934.

### C. Reliance

U.S. Bank argues that Pniewski does not allege any facts demonstrating reasonable reliance by him on a specific unfair or deceptive act or omission by U.S. Bank. (MTD Mem. 6). Although the defendant's intent that the plaintiff rely on the deceptive or unfair practice is an element of an ICFA claim, the defendant's reliance itself is not. *Siegel*, 612 F.3d at 934. Thus, Pniewski did not have to allege reliance.

### D. Pleadings Requirement

U.S. Bank further argues that Pniewski's claim under the ICFA is "not ple[d] with sufficient specificity." (Repl. MTD Mem. 7). More specifically, U.S. Bank contends that because Pniewski's claim "appears to be based on deception," it is therefore "subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)." (Repl. MTD Mem. 7); *see also* Fed. R. Civ. P. 9(b)(stating that

8

"[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").

The Seventh Circuit has held that since "neither fraud nor mistake is an element of unfair conduct under [the ICFA], a cause of action for unfair practices under the [ICFA] need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b)." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008); *see also Siegel*, 612 F.3d at 936 (distinguishing the former case where Seventh Circuit "reversed the district court after it had erroneously dismissed an ICFA claim under a heightened pleading standard").

However, "a claim under the [ICFA] may allege either deceptive practices, which sound in fraud, or unfair practices, which do not." *Windy City*, 536 F.3d at 669. In *Windy City*, the court held that the plaintiffs' complaint only had to satisfy the notice pleading standard since the plaintiffs only alleged an unfair trade practice and did not allege fraud. *Id.* at 663, 669. Contrastingly, in this case, Pniewski alleges that U.S. Bank's conduct was both "unfair" and "deceptive." (Compl. Par. 48).

Accordingly, U.S. Bank is correct in its contention that Rule 9(b) applies to Pniewski's deception claims. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011)(holding that Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting fraud," which "ordinarily requires describing the 'who, what, when, where, and how' of the fraud"). Pniewski fails to

9

plead with sufficient specificity how the alleged deception took place. Nevertheless, because Pniewski alleges both deception and unfairness, Pniewski's claim with respect to unfairness may proceed. *See Windy City*, 536 F.3d at 670 (holding that a cause of action for unfair practices under the ICFA need only meet the notice pleading standard of Rule 8(a)).

For the unfairness claim, Pniewski's "complaint need only provide a short and plain statement of the claim that shows, through its allegations, that recovery is plausible rather than merely speculative." *Id.* (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008)). The court finds that Pniewski's allegations are at least plausible. The court also notes that U.S. Bank cites to *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 77-78 (7th Cir. 1994), for the proposition that "a plaintiff cannot 'lump' together defendants" without explaining each defendant's role. (Repl. MTD Mem. 8). However, *Vicom* is distinguishable from the present case because the complaint's allegations in *Vicom* only related to fraudulent schemes, and thus were all held to the heightened pleading standard under Rule 9(b). *Vicom*, 20 F.3d at 77-78. Therefore, for the reasons stated above, U.S. Bank's motion to dismiss the ICFA claim is granted with respect to the claims of deceptive practices, but denied with respect to the claims of unfairness.

IV.  Breach of Contract Claim

U.S. Bank argues that Pniewski's claim for breach of contract is not viable because no contract to consider the loan for a modification existed. (MTD Mem. 7).

Under Illinois law, the elements of a breach of contract claim are: "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Ass'n Ben. Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007)(citing *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006)). Thus, a breach of contract claim "must be predicated on a valid and enforceable contractual obligation," and whether a contract exists is a matter of law for determination by the court. *Ass'n Ben. Servs.*, 493 F.3d at 849.

### A. Offer and Consideration

U.S. Bank contends that the Solicitation Letter sent to Pniewski was not an offer to consider the loan modification nor was it an offer to actually modify the loan. (MTD Mem. 8). Rather, U.S. Bank argues that it was a mere notification, informing Pniewski what documents the bank needed him to submit to determine his eligibility for the loan modification program. *Id.* Under Illinois law, the "test for an offer is whether it induces a reasonable belief in the recipient that he can, by accepting, bind the sender." *Wigod*, 673 F.3d at 561 (citing *Boomer v. AT&T Corp.*, 309 F.3d 404, 415 (7th Cir. 2002))(examining the "language of the agreement itself and the surrounding circumstances" in order to determine whether a definite offer of permanent modification was made); *see also Architectural Metal Sys., Inc. v. Consol. Sys., Inc.*, 58 F.3d 1227, 1229 (7th Cir. 1995)(reasoning that "[a] lack of essential

detail would negate such a belief, since the sender could not reasonably be expected to empower the recipient to bind him to a contract of unknown terms"). Further, if the alleged promise is conditioned on the promisor's "*own* future action or approval," then "there is no binding offer." *Wigod*, 673 F.3d at 561. (emphasis in original).

In the instant action, the Solicitation Letter which Pniewski received clearly indicated that the purpose for requesting certain documents from Pniewski was to evaluate Pniewski's eligibility and that the loan servicer did not promise to modify the loan. (Ex. 6-11). More specifically, the language on the "Acknowledgment and Agreement" page of the Solicitation Letter states that "[i]n making this request for consideration under the Making Home Affordable Program," the borrower "understand[s] that the Servicer will use this information in this document to evaluate [his] eligibility for a loan modification or a short sale or deed-in-lieu for foreclosure, but the servicer is not obligated to offer [him] assistance based solely on the statements in this document." (Ex. 6-11, Par. 7).

The Solicitation Letter, which does not contain language of promise or offer, simply provides the list of the documents an applicant has to send in for his application to be considered. Moreover, the sending of those documents cannot be made a condition for a promise to consider the application, as Pniewski argues, (Ans. MTD Mem. 7), because the letter does not contain a promise. Nor has Pniewski shown that the letter was ambiguous or pointed to any extrinsic evidence. Thus, the Solicitation Letter could not have induced a reasonable belief in Pniewski that by accepting, he could bind the sender to modify the loan.

B.  Definite and Certain Terms

U.S. Bank asserts that the Solicitation Letter does not contain "definite and certain terms" required of a contract. (MTD Mem. 9). In Illinois, a contract is considered enforceable if from its plain terms it is ascertainable what each party has agreed to do. *Wigod*, 673 F.3d at 564. The absence of sufficiently definite and certain terms in both the offer and the acceptance bars the formation of a contract. *Ass'n Ben. Servs., Inc.*, 493 F.3d at 850 (stating that "[n]o contract exists under Illinois law . . . if the agreement lacks certain terms; nor is a contract formed by an offer that itself lacks definite and certain material terms and does not require such terms to be supplied by an acceptance"). The Solicitation Letter did not contain the definite and certain terms of a contract. Instead, the Solicitation Letter included instructions and forms for Pniewski to fill out if he wished to submit a request to be considered for a loan modification. Accordingly, Pniewski has not alleged facts to suggest that there was a contract between the parties. Therefore, U.S. Bank's motion to dismiss the breach of contract claim is granted.

V.  Breach of Good Faith and Fair Dealing Claim

U.S. Bank argues that the implied covenant of good faith and fair dealing does not apply because a contract was never formed between the parties. (MTD Mem. 3). U.S. Bank asserts that every contract under Illinois law includes a duty of good faith and fair dealing, but that such duty does not exist in the absence of a contract. (MTD

13

Mem. 3). Under Illinois law, the covenant of good faith and fair dealing is not an independent source of duties for the parties to a contract. *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992); *Wilson v. Career Educ. Corp.*, 729 F.3d 665, 674 (7th Cir. 2013)(stating that "[t]he implied covenant of good faith is simply a breach of contract theory"). Moreover, a lack of good faith cannot by itself create a claim. *Id.* (citing *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1394 (7th Cir. 1991)).

Pniewski does not argue that the breach of the implied covenant of good faith and fair dealing is a cause of action viable without the existence of a contract. Instead, Pniewski asserts that the covenant was implied in the existing contract that was allegedly formed between the parties. (Compl. Par. 42); (Ans. MTD Mem. 4). As previously analyzed, Pniewski fails to allege facts to suggest that a contract existed between the parties, and the duty of good faith is thus inapplicable. Therefore, U.S. Bank's motion to dismiss the breach of implied covenant of good faith and fair dealing claim is granted.

## VI. Request for Preliminary Injunction

Although not enumerated as a separate claim, Pniewski also requests that this court issue a preliminary injunction against U.S. Bank and BAC from proceeding with the state foreclosure action. (Compl. Par. 57, B). In response, U.S. Bank contends that "[t]he Anti-Injunction Act, 28 U.S.C. § 2283, prohibits such injunctive relief." (MTD Mem. 10). The Anti-Injunction Act provides that "[a] court of the

14

United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375 (2011)(stating that the three exceptions are to be construed narrowly and that "[a]ny doubts . . . should be resolved in favor of permitting the state courts to proceed")(quoting *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 97 (1970)).

Pniewski asserts that "the request for an injunction is necessary to aid the Court's jurisdiction." (Ans. MTD Mem. 7). However, "[t]he Anti-Injunction Act is not jurisdictional; rather, it restricts a district court's remedial authority." *Trustees of Carpenters' Health & Welfare Trust Fund of St. Louis v. Darr*, 694 F.3d 803, 807 n. 2 (7th Cir. 2012). Moreover, the exception which Pniewski attempts to assert refers to "federal injunctive relief [which] may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Zurich Am. Ins. Co. v. Superior Court for State of California*, 326 F.3d 816, 825 (7th Cir. 2003)(citing *Atlantic*, 398 U.S. at 295)); *see also Smith*, 131 S. Ct. at 2375 (reasoning that the Anti-Injunction Act was enacted to ensure that state courts "remain free from interference by federal courts"). Pniewski has made no showing that an exception to the rule applies here. Therefore, U.S. Bank's motion to dismiss Pniewski's request for injunctive relief is granted.

15

## CONCLUSION

Based upon the foregoing analysis, U.S. Bank's motion to dismiss Pniewski's request for injunctive relief, the HAMP claim (Count I), the breach of implied covenant of good faith and fair dealing claim (Count II), and the breach of contract claim (Count IV) is granted. U.S. Bank's motion to dismiss the ICFA claim (Count III) is granted with respect to the claims of deceptive practices, but denied with respect to the claims of unfairness.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 19, 2014